# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TAJMERE COOKE,          )
                            )
        Petitioner,       )
                            )
        v.              )      Civil Action No.  1:23-cv-03135 (UNA)
                            )
ANTHONY BLINKEN, et al.,     )
                            )
        Respondents.    )

## MEMORANDUM OPINION

Petitioner initiated this case on October 19, 2023, by filing, *inter alia*, a civil *pro se* petition, ECF No. 1.  He failed, however, to provide a residential address, nor did he request leave to use any alternative address, in contravention of D.C. LCvR 5.1(c)(1).  *See* Order, ECF No. 5.  On November 9, 2023, the Court entered an order providing petitioner with a 30-day extension to either file a notice of residence address or a motion for leave to use an alternative address provided in that motion.  *Id.* at 1.

On November 13, 2023, petitioner responded to the Court's order by filing a notice ("Not."), ECF No. 6, attesting that he is currently homeless and living in his car, and therefore cannot, and indeed, will not, submit any type of address, *see id*. at 1.  While the petitioner's circumstances are challenging, without a residence address, or alternatively, a P.O. Box or general mailing address, this Court and the respondents have no way of formally and consistently noticing and communicating with petitioner, and vice versa.  Although petitioner filed a consent to receive electronic notice, ECF No. 3, he has not filed any motion for CM/ECF access, as required under the local rules of this Court. *See* D.C. LCvR 5.4(b)(2).  Even if such a motion were filed, plaintiff does not appear to qualify because, among other problems, petitioner lives in his vehicle and may not have consistent and reliable access to the internet, or the ability to file documents and receive

filings electronically on a regular basis. *See* Not. at 1. Consequently, petitioner has failed to comply with this Court's order, thus, this case cannot proceed.

Even if petitioner had complied, this case would still fail to survive. His petition asks that, pursuant to 8 U.S.C. § 1481(a)(2), the United States Secretary of State and the Bureau of Consular Affairs: (1) formally remove his status as a United States citizen; (2) provide him with "tribal nationality status[;]" (3) immediately issue him a passport with his corrected status, and; (4) assign him a "permanent fiduciary" from the State Department, authorized to answer all of his questions, as needed. *See* Pet. at 2–3. These requests fail to state cognizable claims.

First, although petitioner broadly alleges that he made efforts over the past year to renounce his citizenship, pursuant to 8 U.S.C. § 1481(a)(2), *see id.* at 2, 5, his pleading makes no reference that petitioner submitted the required associated fees and mandatory information, or if he followed the specific necessary procedures to obtain the certificate that he seeks, *see* 8 U.S.C. §§ 1481(a)(2), 1501; INA § 349(a)(2); *see also Sluss v. U.S. Citizen. & Immig. Srvs.*, 899 F. Supp. 2d 37, 40–41 (D.D.C. 2012) ("The State Department has issued regulations to implement 8 U.S.C. §§ 1481 and 1501 that (1) prescribe the 'form' of formal renunciations of nationality before consular officers and (2) prescribe regulations under which consular officers certify the facts that form the basis for the belief that a person abroad has lost his U.S. nationality.") (citation omitted).

Second, even the required fees had been paid and the necessary procedures followed, petitioner has nonetheless failed to state a claim. "Congress has promulgated seven procedures for voluntary expatriation." *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 118 (D.D.C. 2016) (citing 8 U.S.C. § 1481(a)(1)–(7)). Relevant here, "[t]he first five procedures[,]" including the one relied upon by petitioner, § 1481(a)(2), "require the person seeking renunciation to be in a foreign country." *Id.* (citing 8 U.S.C. § 1483(a)). In other words, petitioner cannot "lose United States

nationality under this chapter while within the United States." 8 U.S.C. § 1483(a). As noted, petitioner refuses to provide the court with any address of record, *see* Not. at 1, and he believes that, "[a]ccording to the Holy Bible[,]" the United States is not a nation, but rather, "a corporate entity registered in the state of Delaware[,]" Pet. at 4–5. Regardless, his submissions in this matter indicate that he is located somewhere in the United States, *see, e.g., id.* at 4; Not. at 1; Cert. of Service, ECF No. 4.

Petitioner attempts to avoid this prohibition by asserting that his membership and allegiance to an unnamed ancestral and indigenous tribal group is tantamount to his location in a "nation foreign to the United States." *See* Pet. at 5. While he has provided spare information regarding the tribal group, petitioner notes that North American indigenous tribes are generally considered "'domestic dependent nations that exercise inherent sovereign authority over their members and territories' and the resources therein[,]" *Standing Rock Sioux Tribe v. United States Army Corp. of Engineers*, 985 F.3d 1032, 1044 (D.C. Cir. 2021) (quoting *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991)), and they are subject to the "'plenary and exclusive' authority" of the United States federal government, *Confederated Tribes of Grand Ronde Comm. of Oregon v. Jewell*, 830 F.3d 552, ,564 (D.C. Cir. 2016) (quoting *United States v. Lara*, 541 U.S. 193, 200 (2004)). Consequently, as presented, petitioner has not established that he is qualified to renounce his citizenship under § 1481(a)(2).

Third, petitioner asks this court to direct respondents to take specific actions on his behalf, *see* Pet. at 2–3, but this Court is without jurisdiction to do so. "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109

(D.D.C. 2015). Put differently, "[u]nder Section 706(1) of the APA, a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how it shall act*.' " *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)).

Finally, petitioner cites, in passing, to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350. *See* Pet. at 3. He fails, however, to identify an operative tort and this failure is fatal to his claim. *See Stone v. U.S. Embassy Toyko*, No. 19-3273, 2020 WL 6746925, at *3 (D.D.C. Nov. 16, 2023) ("Plaintiff fails to demonstrate how the alleged conduct, such as failing to issue a passport or respond to letters, constitute legally cognizable torts."). He also explicitly disclaims any demand for damages, *see* Pet. at 2, further failing to establish a claim under the ATCA, *see Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 99–100 (D.D.C. 2003); *Abur v. Repub. of Sudan*, 437 F. Supp. 2d 166, 168–69 n.4 (D.D.C. 2006).

For all of these reasons this matter is dismissed without prejudice. Respondents' motion to extend time, ECF No. 8, to respond to the complaint, is denied as moot. An order consistent with this memorandum opinion is issued separately.

/s/_____
**BERYL A. HOWELL**
United States District Judge

Date: December 22, 2023